United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN SUSINO,<br>Plaintiff,<br>v.<br>SAFEWAY, INC., et al.,<br>Defendants. | Case No. 5:25-cv-01102-EJD<br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br>Re: ECF No. 50 |

Before the Court is Defendants' third motion to dismiss Plaintiff's seven Labor Management Relations Act ("LMRA") claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot., ECF No. 50; Opp'n, ECF No. 51; Reply, ECF No. 52.

After careful review of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons explained below, the Court **GRANTS** Defendants' motion to dismiss without leave to amend.

## I. BACKGROUND

Pro se Plaintiff John Susino ("Plaintiff") brings seven claims[1] against Safeway and its four employees (collectively, "Safeway"), as well as the United Food and Commercial Workers Union Five and its two representatives (collectively, "UFCW5") (all together, "Defendants"), under the LMRA. Second Am. Compl. ("SAC"), ECF No. 48. The allegations in this case remain as the Court described in its prior orders granting dismissal ("Prior Orders"). *See* First Order Granting

[1] The operative complaint alleges "seven claims" under the LMRA, but it does not list the LMRA provisions underlying each claim. This alone compels dismissal. *See* Fed. R. Civ. P. 8(a)(2) (providing a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

United States District Court
Northern District of California

Mot. to Dismiss, ECF No. 33; Second Order Granting Mot. to Dismiss, ECF No. 47. Plaintiff generally alleges that he was stalked, harassed, and ultimately terminated from his employment at Safeway because he refused to join the UFCW5. *Id.*

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But still, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong" and how they are entitled to relief. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). If the court concludes that a Rule 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

The Court previously granted dismissal because the NLRB had primary jurisdiction over Plaintiff's claims, and Plaintiff had failed to exhaust administrative remedies and satisfy the statute of limitations. The Court finds these deficiencies have not been cured, and further

amendment is futile.

Even if Plaintiff had pled new facts sufficient to overcome issues regarding NLRB jurisdiction and administrative remedies, the clearest repeated deficiency causing the Court to find amendment futile is the statute of limitations. "The applicable statute of limitations for a claim brought under LMRA § 301 is six months from the date 'the employee discovers or in the exercise of reasonable diligence should have discovered[ ] the acts constituting the alleged violation.'" *Aleman v. ASM Glob. at Moscone Ctr.*, No. 26-CV-02949-LB, 2026 WL 1747092, at *5 (N.D. Cal. June 17, 2026) (quoting *Barnes v. Line Drivers, Loc. Pickup & Delivery Loc. 81*, 232 F. Supp. 2d 1138, 1142 (D. Or. 2001)) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983)).

Here, the Court has twice now explained the applicable statute of limitations and directed Plaintiff to allege facts including the date of termination so the Court could discern whether or not his case is barred. First Order Granting Mot. to Dismiss 7 ("Plaintiff alleges that the conduct at issue occurred in October 2020, but he does not allege a termination date within the statute of limitations."); Second Order Granting Mot. to Dismiss 5 ("Plaintiff still has not alleged facts to show that he brought his claim within the applicable six-month statute of limitations. The only relevant fact on this issue is found in a letter attached to the amended complaint from Safeway indicating that Safeway suspended Plaintiff's employment pending investigation in February 2021, which was approximately four years prior to Plaintiff filing the present action."). After three rounds of pleadings, Plaintiff has still not done so—the only date currently alleged is October 13, 2020, when Plaintiff reported Defendant Mesa to Safeway's Reporting Hotline.[2]

The Court therefore finds Plaintiff has failed to state a plausible claim for relief, and further amendment is futile. *See Lopez*, 203 F.3d at 1127.

---

[2] Though not before the Court, the Court notes that the prior complaint attached a letter from Safeway indicating that Safeway suspended Plaintiff's employment pending investigation in February 2021. *See* Second Order Granting Mot. to Dismiss 5.

United States District Court
Northern District of California

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss without leave to amend.

**IT IS SO ORDERED.**

Dated: August 18, 2026

EDWARD J. DAVILA
United States District Judge